

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-3681
Re: Amount of gross receipts tax
to be paid upon sale of radio
where customer trades in old
radio as part of purchase
price, and whether carrying
charges and installation
charges are to be figured in
arriving at the amount of
such tax.

In your letter of June 10, 1941, you request our
opinion in response to the following question:

"A radio dealer has in his stock a radio
that retails for $100.00. In the sale of this
particular radio the dealer allows $50.00 trade-
in for the customer's old radio and finances the
remaining $50.00 by adding $5.00 as carrying
charges and $5.00 for installation charges.

"On what amount will the dealer be required
to report to this department and pay the gross
receipts tax as levied by Article X of House Bill
No. 8, Acts of the Regular Session of the Forty-
Seventh Legislature?"

Section 1 of Article 10, House Bill No. 8, Forty-
Seventh Legislature, reads in part as follows:

"Each person, partnership, association, or
corporation selling at retail new radios or new
cosmetics, shall make quarterly on the first
days of January, April, July and October of each
year, a report to the Comptroller, under oath
of the owner, manager, or if a corporation, an

Honorable George H. Sheppard, Page 2

officer thereof, showing the aggregate gross
receipts from the sale of any of the above-
named items for the quarter next preceding;
and shall at the same time pay to the Comp-
troller a luxury excise tax equal to two (2)
per cent of said gross receipts as shown by
said report.

" * * *

"Nothing herein shall be construed so as
to require payment of the tax on gross receipts
herein levied more than once on the proceeds
of the sale of the same article of merchandise.
A retail sale as used herein, means a sale to
one who buys for use or consumption, and not for
resale. Gross receipts of a sale means the
sum which the purchaser pays, or agrees to pay
for an article or commodity bought at retail
sale."

While it may be said that generally the word "sum"
is used to denote money, such is not necessarily its meaning.
The second-hand article taken in as a part of the purchase
price is unquestionably a part of the receipts for the new
radio. It is noted that in the first paragraph of Section
1 the tax is fixed at an amount equal to 2% of the "gross
receipts" for the sale of the new radio. It seems rather
clear to us that to give the word "sum," as used in the last
sentence of Section 1, the meaning "value" would come nearer
comporting to the intention of the Legislature than to limit
the meaning of the word to money and allow the sale to go
tax free insofar as the purchase price is represented by
goods instead of money. In construing a Transfer Tax Law
providing for a tax "at the rate of 1% on any amount in ex-
cess of $5,000.00 up to the sum of $50,000.00," a Surrogate's
Court, in the case of In re Elleton's Estate, 136 N. Y. S.
455, said:

"The use of the words 'amount' and 'sum'
in the statute is unfortunate, as these words
are popularly used to denote money, but, as

applied in this statute, they must be taken to mean 'value,' as the tax is upon all kinds of property. If a parcel of real estate is transferred, the statute must be made to read 'value,' instead of 'amount' or 'sum,' and the phrase fixing the rates of tax must be interpreted to read 'one per centum on any transfer of property of the value in excess of five thousand dollars up to the value of fifty thousand dollars,etc.' * * * "

We presume that the item of $5.00 carrying charges mentioned by you is for interest. If so it is not a part of the "gross receipts" for the radio, it is compensation for the use of money. Nor is the installation charge a part of such receipts, it being a charge for a service.

Our answer to your question is that the amount upon which the tax will be calculated is the sum of $100.00 in the fact situation submitted by you.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

APPROVED JUN 17 1941

GRL:ej


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN